Humberto M. Guizar, Esq., (SBN 125769)
**LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
3500 W. Beverly Blvd.,
Montebello, California 90640
Tel: (323) 725-1151; Fax: (323) 597-0101
Email: HGuizar@GHCLegal.com

Christian Contreras, Esq., (SBN 330269)
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101
Email: CC@Contreras-Law.com

Attorneys for Plaintiffs,
ESTATE OF AARON SMITH, et al.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF AARON SMITH, by and through successor in interest, LYDIA SMITH; LYDIA SMITH, individually; AARON SMITH JR., individually; LYNETTE SMITH, individually; SARA SMITH, individually,<br><br>Plaintiffs,<br><br>v.<br><br>HEMET POLICE DEPARTMENT, a public entity; CITY OF HEMET, a public entity; EDDIE PUST, in his individual and official capacities; and DOES 1 through 10, individually,<br><br>Defendants. | **CASE NO.: 5:23-cv-1767**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Denial of Medical Care, Fourth Amendment Violation (42 U.S.C. § 1983);<br>2. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983);<br>3. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983);<br>4. Deprivation of the Right to Familial Relationship with Decedent (42 U.S.C. § 1983);<br>5. Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983);<br>6. Supervisory Liability Causing Constitutional Violations (Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983);<br>7. Negligence – Wrongful Death;<br>8. Violation of California Government Code §845.6;<br>9. Violation of California Civil Code §52.1 (Tom Bane Act);<br><br>**DEMAND FOR JURY TRIAL** |

1

**JURISDICTION AND VENUE**

1.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.    Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

3.    Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

4.    With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

**PARTIES**

5.    Plaintiff SARA SMITH, is and was, at all times relevant hereto, the lawful wife of decedent AARON SMITH, and at all times relevant hereto was a resident of the CITY of Riverside, California. Plaintiff SARA SMITH brings these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiff SARA SMITH also brings her claims individually and on behalf of decedent AARON SMITH on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiff SARA SMITH also brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

6.    AARON SMITH JR. and LYNETTE SMITH, were the natural children of AARON SMITH. AARON SMITH JR. and LYNETTE SMITH bring their claims in their individual capacities and seek wrongful death damages.

///

**COMPLAINT FOR DAMAGES**

7. SARA SMITH was the natural mother of AARON SMITH and bring her claim in her individual capacity.

8. Defendant CITY OF HEMET (hereinafter also "CITY") owns, operates, manages, directs and controls Defendant HEMET POLICE DEPARTMENT (hereinafter also "HPD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including HPD employees complied with the laws and the Constitutions of the United States and of the State of California. Defendant CITY, through HPD, is and was responsible for ensuring the protection and safety of all persons incarcerated at the HPD correctional facilities, including the HPD Jail.

9. Defendant EDDIE PUST ("PUST"), at all times mentioned herein, is the Chief of Police for Defendant HPD, the highest position in the HPD Jail. As Chief, Defendant PUST is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all HPD Jail employees and/or agents. Defendant PUST is and was charged by law with oversight and administration of the HPD Jail, including ensuring the safety of the inmates housed therein. Defendant PUST also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the HPD Jail alleged herein were committed. Defendant PUST is being sued in his individual and official capacities.

10. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

**COMPLAINT FOR DAMAGES**

11.   The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 10 are presently unknown to the Plaintiffs who therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and thereupon allege that DOES 1 through 10 include individual law enforcement personnel and medical personnel employed by the HPD and the CITY, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed, believe, and thereupon allege that each DOE defendant is a resident of California. Upon information and belief, DOES 1 through10 were and still are residents of the CITY, California. DOES 1 through 10 are sued in both their individual and official capacities.

12.   At all relevant times, DOES 7 and 8 were managerial, supervisorial, training, and/or policymaking employees of Defendant CITY. At the time of the incident, DOES 7 and 8 were acting under color of law within the course and scope of their duties as employees for the CITY. They had supervisorial authority over DOES 1-10, and the CITY employees at the CITY Jail. DOES 7 and 8 were acting with the complete authority and ratification of their principal, Defendant CITY.

13.   At all relevant times, DOES 9 and 10 were managerial, supervisorial, training, and/or policymaking employees of Defendant CITY. At the time of the incident, DOES 9 and 10 were acting under color of law within the course and scope of their duties as employees for the HPD and/or the CITY. They had supervisorial authority over DOES 1-10, and the employees of the HPD. DOES 9 and 10 were acting with the complete authority and ratification of their principal, Defendant CITY.

14.   Each of the defendants, including the DOE defendants, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiffs by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by failing to take

action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

15.     Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' and decedent AARON SMITH's constitutional rights and other harm.

16.     Plaintiffs are informed, believe, and thereupon allege that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

17.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

18.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.     On September 7, 2022, AARON SMITH was arrested by HPD officers under suspicion of minor trespassing. In the course of detaining and arresting AARON SMITH, Defendants HPD officers and Does 1-10 used significant force on AARON SMITH. Indeed, Defendants HPD officers and Does 1-10 even used a police K-9 unit

to bite AARON SMITH multiple times.

20.    The significant force used on AARON SMITH, including the use of a police K-9 unit, caused AARON SMITH to experience a medical emergency. Upon information and belief, one of the medical emergencies that AARON SMITH experienced was cardiac arrest. However, despite AARON SMITH exhibiting signs of a medical emergency, Defendants HPD officers and Does 1-10 refused to summon medical care and refused to furnish medical care to AARON SMITH. Worst yet, AARON SMITH was booked into HPD Jail while suffering from the apparent medical emergency.

21.    At all relevant times, AARON SMITH was a healthy middle-aged man. Upon information and belief, at the time of his death, AARON SMITH as not under the influence of any substance at the time of his arrest or at any point thereafter. However, if AARON SMITH was facing medical complications at the time of his arrest and potentially under the influence, Defendants HPD officers and Does 1-10 were required to summon medical care and adequately monitor AARON SMITH while in HPD Jail.

22.    Upon information and belief, given that Defendants HPD officers and Does 1-10 ignored and refused to provide AARON SMITH medical care despite being in obvious need for medical care, AARON SMITH was "found" unconscious in his holding cell at HPD Jail by Defendants HPD officers. Thereafter, paramedics were called, but they were unable to recuccistate AARON SMITH. AARON SMITH was pronounced dead at the HPD Jail on September 7, 2022.

23.    Upon an examination of AARON SMITH's body, AARON SMITH body showed clear signs of trauma. AARON SMITH's face was covered in bruises, his head in welts, he had a dog bite on one of his feet, and one of his ears had also been noticeably aggravated.

24.    At the time of his death, AARON SMITH had not been convicted of any crime, and was a pre-trial detainee.

25.     Upon information and belief, in addition to failing to provide medical care to AARON SMITH, AARON SMITH also died due to the Defendants HPD and CITY Jail patterns and practices of not conducting proper and timely Title 15 welfare and safety checks. Based upon the policies and procedures of Defendants HPD and CITY, AARON SMITH's dire need for emergency medical intervention went unnoticed by Defendants HPD officers, custody, medical and mental health staff, who were responsible for monitoring and ensuring the welfare of all inmates, including AARON SMITH.

26.     Accordingly, AARON SMITH's death was proximately caused by Defendants'actions.

## FIRST CLAIM FOR RELIEF

**Failure to Summon Medical Care,**

**Violation of the Fourth Amendment to the United States Constitution**

**(Survival Action – 42 U.S.C. § 1983)**

**By Plaintiff Estate of AARON SMITH As Against DOES 1 through 10**

27.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

28.     Claims for the denial of medical assistance after an arrest are analyzed under the Fourth Amendment. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006). Officers must provide objectively reasonable post-arrest care to an apprehended suspect. *Id.* "Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum v. City and County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1099 (citing *Graham v. Connor*, 409 U.S. 386 (1989). 441 F.3d at 1098).

29.     Upon information and belief, on September 7, 2022, after it was clear that AARON SMITH needed medical care, Defendants DOES 1 through 10, inclusive,

failed to summon medical care. Indeed, given that AARON SMITH was subjected to excessive force and subjected to police K-9 dog bites, AARON SMITH needed medical care. However, despite AARON SMITH's medical needs, Defendants DOES 1 through 10, inclusive, failed to summon medical care in violation of the Fourth Amendment.

30.     Therefore, Defendants DOES 1 through 10, inclusive, caused the death of AARON SMITH. By virtue of their misconduct, Defendants DOES 1 through 10, inclusive, are liable for AARON SMITH's tragic death, either because these Defendants were integral participants in the failure to summon medical care, or because they failed to intervene to prevent these violations. Accordingly, Defendants DOES 1 through 10, inclusive, are liable for all damages recoverable under 42 U.S.C. Section 1983.

31.     The ESTATE OF AARON SMITH by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

32.     The conduct of Defendants DOES 1 through 10, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of AARON SMITH and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1 through 10, inclusive.

## SECOND CLAIM FOR RELIEF

### Failure to Protect from Harm,

### Violation of the Fourteenth Amendment to the United States Constitution

### (Survival Action – 42 U.S.C. § 1983)

### By Plaintiff Estate of AARON SMITH As Against DOES 1 through 10

33.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

34.     Defendants CITY, HPD and DOES 1 through 10 were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm to an inmate in decedent AARON SMITH's position.

35. Each Defendant could have taken action to prevent unnecessary harm to decedent AARON SMITH but refused or failed to do so.

36. By policy, procedure, and practice, Defendants CITY, HPD and DOES 1 through 10 deliberately disregarded the hazards and risks posed to persons incarcerated at the HPD Jail, as alleged above. Defendants failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that was attendant to housing decedent AARON SMITH at HPD Jail.

37. Defendants including PUST, and DOES 8 through 10 also knew that officers routinely failed to conduct required welfare and safety checks at the /HPD Jail, and failed to take sufficient actions to correct this problem and ensure that necessary checks were performed.

38. Defendant PUST failed to take corrective action, discipline, or remove the command staff at the HPD Jail who, upon information and belief, directed HPD officers to falsify safety check logs and violate the CITY's and HPD's safety check policies. Defendant PUST ratified their actions, and the practices used under his watch.

39. Defendants CITY, HPD and DOES 1 through 10 were on notice that their policies, procedures, and practices for monitoring inmates at the HPD Jail were inadequate and gave rise to a substantial risk of serious harm.

40. Defendants including PUST, and DOES 8 through 10 failed to properly train and supervise HPD custody, medical and mental health staff regarding policies, procedures, and practices necessary for the protection of detainees/inmates from risks and hazards existing within the HPD Jail.

41. Defendants including PUST, and DOES 8 through 10's failure to correct their policies, procedures, and practices despite notice of significant and dangerous problems evidences deliberate indifference to the inmates in their care.

42. Defendants PUST, and DOES 8 through 10 ratified Defendants DOES's actions and inactions amounting to constitutional violations.

///

**COMPLAINT FOR DAMAGES**

43.     Defendants DOES 1 through 10's failure to conduct the required safety check of decedent AARON SMITH's cell/housing unit on the date of his death evidences deliberate indifference to the risk of harm to decedent AARON SMITH.

44.     Upon information and belief, Defendants PUST, and DOES 8 through 10 ratified Defendants DOES's failure to conduct safety checks and falsification of logs.

45.     As a direct and proximate result of Defendants' conduct, the civil right of AARON SMITH, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent AARON SMITH experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

46.     Defendants subjected decedent AARON SMITH to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

47.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiffs herein, sustained injuries and damages.

48.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants HPD and CITY.

49.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## THIRD CLAIM FOR RELIEF

### Failure to Provide Medical Care,

### Violation of the Fourteenth Amendment to the United States Constitution

### (Survival Action – 42 U.S.C. § 1983)

### By Plaintiff Estate of AARON SMITH As Against DOES 1 through 10

50.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

51.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, violated 42 U.S.C. § 1983, depriving decedent AARON SMITH, through Plaintiffs herein, of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution: Decedent's right to be free from deliberate indifference to AARON SMITH's serious medical and mental health needs while in custody as a pretrial detainee as secured by the Fourteenth Amendments.

52.     Indeed, it was clear as soon as AARON SMITH was taken into custody that he needed medical care. However, despite AARON SMITH's need for medical care, Defendants DOES 1 through 10, failed to provide AARON SMITH with any medical care. Worse yet, even after being screened when booked, Defendants DOES 1 through 10, were further deliberately indifferent to AARON SMITH's medical needs. Finally, on September 7, 2022, AARON SMITH was found unresponsive in his cell which was caused by Defendants DOES 1 through 10, ignoring AARON SMITH's medical needs.

53.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, including but not limited to their failure to provide decedent AARON SMITH with appropriate emergency medical and mental health care, along with the acts and/or omissions of Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures to provide emergency medical and mental health care and life saving care to persons in their custody,  constituted deliberate indifference to AARON SMITH's serious medical and mental health needs, health, and safety.

54.     As a direct and proximate result of Defendants' conduct, the civil rights of AARON SMITH, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent AARON SMITH experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

55. Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

56. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiffs herein, sustained injuries and damages.

57. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY.

58. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## FOURTH CLAIM FOR RELIEF

### Deprivation of the Right to Familial Relationship with Decedent,
### Violation of the Fourteenth Amendment to the United States Constitution
### (42 U.S.C. § 1983)
### By All Plaintiffs As Against DOES 1 through 10

59. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

60. The aforementioned acts and/or omissions of Defendants DOES 1 through 10 in being deliberately indifferent to decedent AARON SMITH's protection, safety, and serious medical and mental health needs, violating decedent AARON SMITH's constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of AARON SMITH deprived Plaintiffs LYDIA SMITH, LYNETTE SMITH, AARON SMITH JR., and SARA SMITH of their liberty interests in the familial relationship in violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

///

61.   All of the acts of Defendants DOES 1 through 10 and the persons involved were done under color of state law.

62.   The acts and omissions of each Defendant deprived Plaintiffs LYDIA SMITH, LYNETTE SMITH, AARON SMITH JR., and SARA SMITH, of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a familial relationship with decedent AARON SMITH without due process of law by their deliberate indifference in denying AARON SMITH protection and safety while detained/incarcerated at HPD Jail and access to medical care while suffering a medical emergency at HPD Jail.

63.   Defendants DOES 1 through 10 and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of the CITY and HPD. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are experiencing medical emergencies access to medical care as stated above and incorporated herein.

64.   In addition, the training policies of the CITY and HPD were not adequate to train its officers, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in pretrial custody who are experiencing medical emergencies. These Defendants and each of them knew that its failure to adequately train its CITY custody, medical and mental health staff, including other agents and employees, to interact with individuals suffering from medical emergencies made it highly predictable that its custody, medical and mental health staff would engage in conduct that would deprive persons such as decedent AARON SMITH, and thus Plaintiffs of their rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their officers, agents and employees adequately.

///

65.     Defendants CITY and HPD's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Plaintiffs LYDIA SMITH, LYNETTE SMITH, AARON SMITH JR., and SARA SMITH, and decedent AARON SMITH by each individual Defendant's official policies and/or longstanding practices or customs are so closely related to AARON SMITH's injuries and death and thus the deprivation of the rights of Plaintiffs as to be the moving force causing those injuries.

66.     Defendant PUST, a final policymaker for the CITY and HPD, ratified the actions and omissions of Defendants DOES 1 through 10, all of whom were custody, medical and mental health staff at the HPD Jails, including HPD Jail, in that he had knowledge of and made a deliberate choice to approve their unlawful acts and omissions.

67.     As a direct and proximate result of Defendants' conduct, the civil rights of AARON SMITH, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent AARON SMITH experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

68.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

69.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

70.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY.

71.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

# FIFTH CLAIM FOR RELIEF

## Municipal Policies, Customs, Practices Causing Constitutional Violations

## (*Monell* - 42 U.S.C. § 1983)

## By Plaintiff ESTATE OF AARON SMITH As Against Defendants CITY and HPD

72.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

73.     At all times relevant hereto, the CITY and HPD custody, medical and mental health staff were required to adhere to and enforce the following policy and procedures:

a.     To deny pretrial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their emergency medical needs;

b.     To allow and encourage officers doing regular cell checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of the CITY's written policies and state law;

c.     To allow and encourage inadequate and incompetent medical care for jail inmates and arrestees;

d.     To hire, retain and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

e.     To allow, encourage, and require medical staff, including licensed vocational nurses and registered nurses, to work outside their legal scope of practice and without appropriate supervision;

f.     To fail to train custody staff that medical staff, including licensed

**COMPLAINT FOR DAMAGES**

vocational nurses, are not competent to assess or decide inmates' medical conditions, medical needs, or whether the inmate should be permitted to remain in the jail versus being sent to a hospital;

g.  To allow, encourage, and require unlicensed, incompetent, inadequately trained and/or inadequately supervised staff to assess inmates' medical condition, needs, and treatment, including to decide whether or not to provide inmates with necessary emergency care and hospitalization;

h.  To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

i.  To cover up violations of constitutional rights by any or all of the following:

   i.  By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at the jail;

   ii.  By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial and medical personnel;

   iii.  By turning a blind eye to custodial and medical personnel who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into the HPD Jail; and

   iv.  By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

j.  To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, HPD personnel, custodial personnel and medical

personnel at the jail whereby an officer or member of the HPD or medical staff does not provide adverse information against a fellow officer, or member of the HPD or the medical staff;

k.   To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

74.   The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, as well as other officers employed by or acting on behalf of the CITY and HPD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the CITY and the HPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the CITY and HPD, including PUST:

a.   To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the Jail;

b.   To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

c.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

d.   To cover up violations of constitutional rights by any or all of the following:

i.   By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

ii.   By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement

activity; and

iii.    By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

e.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers whereby an officer does not provide adverse information against a fellow law enforcement officer;

f.    To allow, tolerate, and/or encourage a "code of silence" among custodial and medical personnel at the HPD Jail whereby custodial and medical personnel does not provide adverse information against a fellow staffer;

g.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

75.    Defendants CITY and HPD, through their employees and agents, and through their policy-making supervisors, PUST and DOES 8 through 10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1 through 10, and other CITY and HPD personnel, with deliberate indifference to the constitutional rights of decedent AARON SMITH, Plaintiff and others in similar positions, as described above, and therefore, those rights thereby violated.

///

**COMPLAINT FOR DAMAGES**

76.     The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other HPD custody and medical staff,  as described above, were approved, tolerated, and/or ratified by policymaking officers for the CITY and HPD, including Defendants PUST and DOES 8 through 10. Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the CITY and HPD, and that such policymakers have direct knowledge of the fact that the death of AARON SMITH was the result of deliberate indifference to his rights to be protected and safe while in the custody of the CITY/HPD, and his rights to have access to medical care when suffering a medical emergency. Notwithstanding this knowledge, the authorized policymakers within the CITY and HPD have approved of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of AARON SMITH. By so doing, the authorized policymakers within the CITY and HPD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants PUST and DOES 8 through 10, and other policy-making officers for the CITY and HPD were and are aware of a pattern of misconduct and injury caused by HPD Jail custody and medical staff similar to the conduct of Defendants described herein, but failed to discipline culpable custody and medical staff and failed to institute new procedures and policy within the CITY and HPD.

77.     The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants CITY and HPD were a moving force and/or a proximate cause of the deprivations of decedent AARON SMITH's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983.

1   Defendants subjected decedent AARON SMITH to their wrongful conduct, depriving

2   decedent AARON SMITH of rights described herein, knowingly, maliciously, and with

3   conscious and reckless disregard for whether the rights and safety of decedent AARON

4   SMITH, Plaintiff and others would be violated by their acts and/or omissions.

5       78.     As a direct and proximate result of the unconstitutional actions, omissions,

6   customs, policies, practices, and procedures of Defendants CITY and HPD, as

7   described above, decedent AARON SMITH suffered serious injuries and death,

8   Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants

9   CITY and HPD.

10                          **SIXTH CLAIM FOR RELIEF**

11          **Supervisory Liability Causing Constitutional Violations,**

12   **(Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983)**

13   **By Plaintiff Estate of AARON SMITH As Against Defendants PUST, and DOES**

14                              **7 through 10**

15      79.     Plaintiffs reallege and incorporate herein by reference each of the

16   preceding paragraphs of this complaint, and any subsequent paragraphs.

17      80.     At all material times, PUST and DOES 8 through 10 had the duty and

18   responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate,

19   investigate, staff, and discipline the other Defendants employed by their respective

20   agencies in this matter, as well as all employees and agents of the CITY and HPD.

21      81.     Defendants PUST, and DOES 8 through 10 failed to properly hire, train,

22   instruct, monitor, supervise, evaluate, investigate, and discipline the respective

23   employees of their agencies, including Defendants DOES 1 through 10, and other

24   CITY and HPD personnel, with deliberate indifference to Plaintiffs', decedent

25   AARON SMITH's, and others' constitutional rights, which were thereby violated as

26   described above.

27      82.     As supervisors, Defendants PUST, and DOES 8 through 10 each

28   permitted and failed to prevent the unconstitutional acts of other Defendants and

individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights to safety and protections while incarcerated at HPD Jail and the rights to the serious medical and mental health needs of decedent AARON SMITH. Supervising Defendants either directed his or her subordinates in conduct that violated Decedent's rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive decedent AARON SMITH of rights, or knew his or her subordinates were engaging in acts likely to deprive decedent AARON SMITH of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate decedent AARON SMITH's rights, and in fact did cause the violation of decedent AARON SMITH's rights. (*See*, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of decedent AARON SMITH' rights.

83.    The unconstitutional customs, policies, practices, and/or procedures of Defendants CITY and HPD, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendants CITY and HPD, including Defendants PUST, and DOES 8 through 10, respectively, with deliberate indifference to Plaintiff's, decedent AARON SMITH's, and others' constitutional rights, which were thereby violated as described above.

84.    The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other CITY and HPD personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the CITY and HPD, including Defendants PUST, and DOES 8 through 10.

85.    Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to Defendants PUST,  and DOES 8 through 10 and that such Defendant-policymakers have direct knowledge of the fact that the death of

decedent AARON SMITH was not justified or necessary, but represented deliberate indifference to his rights to be protected and safe while in the CITY's custody and his rights to his serious medical and mental health needs, as set forth above. Notwithstanding this knowledge, on information and belief, Defendants PUST and DOES 8 through 10 have approved and ratified of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of AARON SMITH. By so doing, Defendants PUST and DOES 8 through 10 have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

86.     Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants PUST, and DOES 8 through 10 and other policymaking officers for the CITY and HPD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by CITY and HPD custody, medical and mental health staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the CITY and HPD.

87.     The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants PUST, and DOES 8 through 10 were a moving force and/or a proximate cause of the deprivations of decedent AARON SMITH's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

88.     Defendants subjected decedent AARON SMITH to their wrongful conduct, depriving decedent AARON SMITH of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent AARON SMITH and others would be violated by their acts and/or

omissions.

89.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants PUST, and DOES 8 through 10 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

### Negligence – Wrongful Death

### By All Plaintiffs As Against All Defendants

90.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

91.    At all times, Defendants DOES 1 through 10 owed Plaintiffs and decedent AARON SMITH the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

92.    At all times, these Defendants owed Plaintiffs and decedent AARON SMITH the duty to act with reasonable care.

93.    These general duties of reasonable care and due care owed to Plaintiffs and decedent AARON SMITH by these Defendants include but are not limited to the following specific obligations:

     a.  To summon, or transport Decedent to, necessary and appropriate emergency medical and mental health care;

     b.  To refrain from unreasonably creating danger or increasing Decedent's risk of harm;

     c.  To use generally accepted law enforcement procedures and tactics that are reasonable and appropriate for Decedent's status as a person in medical and mental health crisis with serious medical and mental health needs;

     d.  To conduct state mandated safety and welfare checks of inmates in the custody of the HPD Jail;

     e.  To refrain from abusing their authority granted them by law; and

f.  To refrain from violating Plaintiffs' and Decedent's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

94.  Defendants DOES 1 through 10, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and decedent AARON SMITH.

95.  Defendants CITY and HPD are vicariously liable for the violations of state law and conduct of their officers, employees, and agents, including individual named defendants, under California Government Code § 815.2.

96.  As a direct and proximate result of these Defendants' negligence, Plaintiffs and decedent AARON SMITH sustained injuries and damages, and against each and every Defendant named in this claim for relief in their individual capacities are entitled to relief, including punitive damages against such individual Defendants.

## EIGHTH CLAIM FOR RELIEF

### Violation of California Government Code § 845.6

### By Plaintiff ESTATE OF AARON SMITH As Against All Defendants

97.  Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

98.  Defendants DOES 1 through 10 was in need of immediate medical care and treatment, and each failed to take reasonable action to summon immediate medical care and treatment. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendants CITY and HPD, knowing and/or having reason to know of decedent AARON SMITH's need for immediate medical care and treatment, failed to take reasonable action to summon such care and treatment in violation of California Government Code § 845.6.

99.  Defendants CITY and HPD are vicariously liable for the violations of state law and conduct of their officers, , employees, and agents, including individual named defendants, under California Government Code § 815.2.

100. As a direct and proximate result of the aforementioned acts of these Defendants, decedent AARON SMITH was injured as set forth above, and their losses entitle Plaintiff to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney fees under California law, including punitive damages against these individual Defendants.

## NINTH CLAIM FOR RELIEF

**Violation of California Civil Code §52.1 (Tom Bane Act)**

**By Plaintiff ESTATE OF AARON SMITH As Against All Defendants**

101. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

102. Plaintiff brings the claims in this claim for relief as a survival claim permissible under California law, including Cal. Code of Civ. Proc. § 377.20 *et. seq.*

103. By their acts, omissions, customs, and policies, Defendants, each acting in concert/conspiracy, as described above, while decedent AARON SMITH was in custody, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated AARON SMITH's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

    a. The right to be free from objectively unreasonable treatment and deliberate indifference to Decedent's serious medical needs while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

    b. The right for the familial association to be free from government interference as secured by the Fourteenth Amendments to the United States Constitution;

    c. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured

by the California Constitution, Article 1, § 1; and

d. The right to emergency medical and mental health care as required by California Government Code §845.6.

104.   Defendants' violations of decedent AARON SMITH's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act. Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of AARON SMITH's rights as described above, Defendants violated AARON SMITH's rights by the following conduct constituting threat, intimidation, or coercion:

a. With deliberate indifference to Decedent's serious medical and mental health needs, suffering, and risk of grave harm including death, depriving Decedent of necessary, life-saving care for his medical needs;

b. With deliberate indifference to hazards that posed a risk to pretrial detainees, such as Decedent;

c. Subjecting Decedent to ongoing violations of his rights to prompt care for his serious medical and mental health needs over days, causing immense and needless suffering, intimidation, coercion, and threats to his life and well-being;

d. Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to HPD jail detainees and inmates;

e. Requiring medical and mental health staff to work outside their scope of practice, and conduct assessments, triage, and make medical and housing decisions for patients, including Decedent, they are not competent to make; and

f. Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as Decedent would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as Decedent was

here.

105.   The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' violation of decedent AARON SMITH's rights, or to any legitimate and lawful jail or law enforcement activity.

106.   Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

107.   Further, each Defendant violated decedent AARON SMITH's rights reckless disregard and with the specific intent and purpose to deprive him of his enjoyment of those rights and of the interests protected by those rights.

108.   Defendant CITY is vicariously liable for the violations of state law and conduct of their officers, employees, and agents, including individual named defendants, under California Government Code § 815.2.

109.   As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of decedent AARON SMITH's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to a multiplier of damages, including treble damages, costs attorneys' fees, and civil penalties.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

   A.   Wrongful death damages for the death of AARON SMITH, pursuant to Cal. Code of Civ. Proc. § 377.*60 et. seq*.;

   B.   Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq*.;

**COMPLAINT FOR DAMAGES**

C.   AARON SMITH's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*.;

D.   Violation of AARON SMITH's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*. and federal civil rights law;

E.   AARON SMITH's loss of life, pursuant to federal civil rights law;

F.   AARON SMITH's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

G.   General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

H.   Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.   Punitive damages as to individual peace officer defendants;

J.   Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.   A multiplier of damages and penalties under the Tom Bane Act;

L.   Interest; and

M.   All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et. seq*., 377.60 *et. seq*., and 1021.5; California Civil Code §§ 52 *et. seq*., 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: August 31, 2023          **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                **A PROFESSIONAL LAW CORPORATION**

By: _____

Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF AARON SMITH, et al.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, ESTATE OF AARON SMITH, by and through successor in interest, LYDIA SMITH; LYDIA SMITH, individually; AARON SMITH JR., individually; LYNETTE SMITH, individually; SARA SMITH, individually, hereby make a demand for a jury trial in this action.

Dated: August 31, 2023      **LAW OFFICES OF CHRISTIAN CONTRERAS**

                                  **A PROFESSIONAL LAW CORPORATION**

By: _____

Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF AARON SMITH, et al.

**COMPLAINT FOR DAMAGES**